## CORONA COAL CO. v. ROBERT P. HYAMS COAL CO.

## ROBERT P. HYAMS COAL CO. v. CORONA COAL CO.

(Circuit Court of Appeals, Fifth Circuit. November 7, 1925.)

No. 4674.

**1. Sales ⬅➡71 (3)—Purchaser of coal entitled only to monthly limit under contract.**

Under contract for purchase of 30,000 tons of coal, to be delivered approximately 3,000 tons per month, where seller filled all orders for seven months, although amounting to less than buyer could have demanded, buyer *held* not entitled to more than 3,000 tons per month thereafter.

**2. Appeal and error ⬅➡681—Overruling of demurrer to amended declaration cannot be considered, where such declaration is not in record.**

Overruling of demurrer to an amended declaration cannot be considered on appeal, where the amended declaration is not incorporated in the record.

**3. Sales ⬅➡172—Seller under contract excusing performance for conditions beyond his control must act in good faith.**

Clause in contract of sale, excusing performance in case of conditions beyond seller's control *held* not available defense, where seller did not act in good faith and divide such coal as it could produce ratably among customers.

**4. Sales ⬅➡81 (4)—Strikes and car shortage held not to terminate contract.**

Under contract for sale of coal to be delivered in certain monthly quantities, subject to usual changes of wage scale and delay because of conditions beyond seller's control, strikes and car shortage *held* to merely postpone time for delivery, and not terminate contract.

**5. Sales ⬅➡152—Buyer not required to place orders after seller's notice that it would advise when it could continue shipments.**

Under contract for coal to be delivered in certain monthly quantities as ordered, seller's notification that it could not continue shipments because of strike and car shortage, but would notify buyer when it could, *held* to excuse buyer from subsequently placing orders.

In Error and Cross-Error to the District Court of the United States for the Northern District of Alabama; Williams I. Grubb, Judge.

Suit by the Robert P. Hyams Coal Company against the Corona Coal Company. Judgment for plaintiff for part of sum claimed and defendant brings error, and plaintiff brings cross-error. Judgment affirmed on original writ, and reversed and remanded on cross-writ.

A. F. Fite, of Jasper, Ala., A. Leo Oberdorfer, of Birmingham, Ala., for plaintiff in error and defendant on cross-writ.

John S. Stone, of Birmingham, Ala., and John H. Bankhead, Jr., of Jasper, Ala. (Bankhead & Bankhead, of Jasper, Ala., and McClellan, Rice & Stone, of Birmingham, Ala., on the brief), for defendant in error and plaintiff on cross-writ.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit by the Robert P. Hyams Coal Company, plaintiff, to recover of the Corona Coal Company, defendant, the difference between the contract price and the market price of a quantity of coal.

[1] The contract provided that defendant would sell to plaintiff 30,000 tons of coal, "delivery [to be] of approximately 3,000 tons monthly, * * * subject usual changes of wage scale, and delay account conditions beyond our control." Plaintiff bought the coal to be shipped in barges from Pensacola to Havana. In carrying out the contract, coal was not shipped until ordered. For seven months defendant filled all orders received, and, although the quantity shipped during this period was less than plaintiff was entitled to order, in our opinion the trial court correctly held that plaintiff only had the right to demand delivery of 3,000 tons during each of the last three months of the period covered by the contract. During this latter period, plaintiff ordered 5,800 tons, but defendant failed to deliver any. After defendant received orders for the 5,800 tons, it notified plaintiff that there was a car shortage and a strike of laborers at its mines, and stated that on account of these conditions it would advise plaintiff about shipments as soon as it was known what could be depended on "in the way of production and car supply." Plaintiff

placed no further orders until after the expiration of the period covered by the contract.

At about the time defendant informed plaintiff of the strike at its mines and the car shortage, the market price of coal advanced considerably over the contract price, and thereafter all sales made were at the advanced market price. Defendant's evidence tended to show that there was a strike at its mines which reduced the normal output of coal, and a car shortage which interfered somewhat with shipments. But it was undisputed that during this period defendant mined and shipped enough coal of the grade stipulated in the contract to have enabled defendant, by fairly prorating its supply on hand, to furnish to plaintiff all the coal covered by the contract.

The trial court instructed the jury that, although the plaintiff might have been entitled to receive 9,000 tons, yet it could only recover for failure to deliver 5,800 tons, because that was all that was ordered, and that, if the car shortage or strike prevented the defendant from completing its contract within the period thereby fixed, it would remain obligated for a reasonable time thereafter, and refused to charge that defendant was not under any duty to ship the coal after the expiration of the period covered by the contract. The verdict was based upon the failure to deliver 5,800 tons.

[2] There is an assignment of error which complains of the overruling of the demurrer to an amended declaration. However, the amended declaration is not incorporated in the record, and therefore we cannot consider this assignment.

[3, 4] Defendant contends that it was excused unconditionally from completing its undertaking by reason of a strike and car shortage, because these were "conditions beyond its control," within the meaning of the contract. In order to avail itself of this defense, conceding for the moment that the contract is subject to the construction placed upon it, it was incumbent upon defendant to act in good faith, and to divide the coal available for delivery ratably among its customers. Jessup v. Piper (C. C.) 133 F. 108; Acme Mfg. Co. v. Arminius Chemical Co. (C. C. A.) 264 F. 27; Consolidation Coal Co. v. Peninsular Portland Cement Co. (C. C. A.) 272 F. 625.

Authorities are cited to the effect that, where an entire contract is subject to conditions beyond the seller's control, he is not obligated to furnish goods beyond the period thereby limited. But this contract provides that deliveries only are subject to delays on account of such conditions. We are of opinion that defendant has not placed himself in position to rely upon the clause excusing it for conditions beyond its control, because, if it had acted in good faith, plaintiff would have received the coal to which it was entitled, notwithstanding the strike and the car shortage, and also because it was not the intention of the parties that a delay should terminate the contract, but only that it should postpone time for delivery. It follows that, in our opinion, the District Judge did not commit any error of which defendant can complain.

[5] Plaintiff has submitted cross-assignments of error, in which it complains of the denial of its right to recover on the failure to deliver 9,000 tons of coal, which admittedly it was entitled to, unless it was precluded by its failure to place orders. We are of opinion that plaintiff was excused from placing orders by defendant's notice that it would advise as soon as the strike and car shortage would permit shipments. Plaintiff's order for additional deliveries would have been futile, for defendant failed to ship what was ordered.

On the original writ of error, plaintiff in error takes nothing. The judgment is reversed on the cross-writ of error, and the cause remanded for further proceedings, not inconsistent with this opinion.