## ROBERT P. HYAMS COAL CO., Limited, v. CORONA COAL CO. *

(Circuit Court of Appeals, Fifth Circuit. April 7, 1927.)

No. 4915.

Sales ⟨⟩ 177—Buyer of coal for shipment in barges held entitled to reasonable notice to accept deliveries, after seller's refusal to deliver.

Where seller, contracting to sell coal for shipment in barges, on refusing to deliver coal in accordance with contract, stated that it would notify buyer when further shipments would be made, buyer had right to rely on such statement, and was entitled to reasonable time after notice before it could be required to accept delivery.

*Rehearing denied May 23, 1927.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by the Robert P. Hyams Coal Company, Limited, against the Corona Coal Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded for a new trial.

John S. Stone, of Birmingham, Ala., and J. H. Bankhead, Jr., of Jasper, Ala. (Bankhead & Bankhead, of Jasper, Ala., and McClellan, Rice & Stone and L. D. Gardner, Jr., all of Birmingham, Ala., on the brief), for plaintiff in error.

Arthur F. Fite, of Jasper, Ala., and A. Leo Oberdorfer, of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. It was determined on a former writ of error in this case that the evidence of the plaintiff, Robert P. Hyams Coal Company, was sufficient to support a judgment for damages arising out of the failure of the defendant, Corona Coal Company, to deliver 9,000 tons of coal. 9 F. (2d) 361. On a second trial, defendant's evidence tended to show that it had sustained a loss as great as plaintiff's loss, because of the latter's failure to order coal deliverable during the first seven months of the contract period, and the jury returned a verdict for defendant, on which judgment was entered. Plaintiff assigns as error a charge to the effect that it could only recover damages for failure to deliver such installments of the 9,000 tons of coal as it remained ready, able, and willing to accept, at the various times when deliveries were required to be made.

As was stated in our opinion on the first writ of error, plaintiff bought the coal for shipment in barges from Pensacola to Havana; defendant refused to deliver 5,800 tons that had been ordered, and stated that it would notify plaintiff when further shipments would be made. Upon this state of facts, we are of opinion that the charge complained of was erroneous. Plaintiff had a right to rely on defendant's statement, and was entitled to a reasonable time after notice before it could be required to accept delivery of coal. To compel it to keep a barge or vessel at Pensacola to receive coal, which it had been informed by defendant would not be delivered until after notice at some indefinite future time, would be to require the doing of an expensive and useless thing. New England Oil Corporation v. Island Oil Marketing Corporation

(C. C. A.) 288 F. 961; Williston on Contracts, §§ 676, 677.

The judgment is reversed, and the cause remanded for a new trial.