**ROBERT P. HYAMS COAL CO., Limited, v. CORONA COAL CO.**

Circuit Court of Appeals, Fifth Circuit.
March 26, 1929.

No. 5446.

John S. Stone and J. H. Bankhead, Jr., both of Birmingham, Ala. (McClellan & Stone and Bankhead & Bankhead, all of Birmingham, Ala., on the brief), for appellant.

Arthur F. Fite, of Jasper, Ala., and A. Leo Oberdorfer, of Birmingham, Ala., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellant brought this suit to recover the difference between the contract price and the market price of a quantity of coal.

Appellee agreed to sell to appellant 30,000 tons of coal for export, to be delivered 3,000 tons monthly over a period extending from October of 1919 through July of 1920. Appellant on its part agreed to accept and pay for the coal, the price of which was to be reduced by 50 cents per ton after delivery of 15,000 tons. In carrying out the contract, the coal was not to be shipped until it was ordered. The deliveries contracted for during the months of October, February, and April were made and accepted. The evidence shows without dispute that during November and December of 1919 there was an embargo on export coal, and that by mutual agreement between the parties no coal was delivered during those months. Appellant failed to take its full quota of coal during the months of January and March of 1920.

The result was that during the first seven months appellant ordered and paid for only 10,600 tons. Appellee refused to deliver any coal after the 1st of May of 1920, and it has been held by this court on two former appeals that the evidence was sufficient to authorize a recovery by appellant of the damages it sustained by reason of appellee's failure to deliver 9,000 tons during the last three months of the contract period. 9 F.(2d) 361; 18 F.(2d) 412. Prior to April of 1920 the contract price of coal was on the average $1.15 per ton higher than the market price, where-

436

as during the last three months of the con-
tract period the market price was considerably higher than the contract price. On the last trial appellee set off against the claim of appellant damages arising out of the failure to order coal during November and December of 1919 and January and March of 1920. The District Judge charged the jury of his own motion that appellant was not entitled to the benefit of the 50 cents per ton reduction until after it had ordered or received 15,000 tons, and that the evidence appeared to him to show without contradiction that the parties agreed to suspend shipments of coal under the contract during November and December, because of an embargo. However, he refused appellant's request to charge the jury peremptorily that appellee could not recover on its defense of set-off for coal not ordered during those months; and gave a charge at appellee's request authorizing the jury to find for it, because of appellant's failure to order coal for delivery during the time admittedly covered by the embargo. Appellant obtained a verdict on which judgment was entered for $2,639.25; but, not being satisfied with the amount of damages awarded, assigns the above-mentioned charges as error.

It is argued that the reduction in price of 50 cents per ton was to take place after five months; but it is not so stated in the contract, and we agree with the District Judge that such reduction was not provided for until half of the coal was ordered and accepted by appellant. We are of opinion that it was error to leave the jury free to find for appellee on its defense of set off in so far as that defense rested upon the difference between the contract price and the market price during the months of November and December of 1919. As it appears without dispute that during those two months there was an embargo, and by agreement of the parties to the contract no coal was ordered or delivered, appellant was entitled to have any claim of damages asserted by appellee during the time covered by the embargo withdrawn from the consideration of the jury. It is impossible to determine from the record that the error involved in the charge given on this subject at appellee's request was without injury. For all that appears, the jury might have allowed damages during the period of embargo by way of set-off against appellant's claim for failure to deliver coal during the last three months of the contract.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.